RAFAEL M. GONZALEZ, JR.
ACTING UNITED STATES ATTORNEY
KATHERINE L. HOLEY, OKLAHOMA STATE BAR NO. 30110
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413
E-MAIL: Katherine.holey@usdoj.gov

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSEPH EDWARD DUNCAN, III,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 2:17-CV-00091-EJL<br>2:07-CR-00023-EJL<br><br>**GOVERNMENT'S REQUEST FOR ACCESS TO SEALED AND EX PARTE DOCUMENTS** |

The government requests that the Court provide access to the following

documents and attachments thereto filed under seal and/or ex parte in the underlying

criminal proceeding against Duncan: Document Nos. 15, 26, 29, 35, 40, 59, 70, 100,

101, 118, 119, 218, 240, 260, 300, 301, 337, 342, 343, 442, 474, 475, 481, 483, 490, 506,

540, 711, 731, 738, 739, 740, 753, 754, 764, 767, 768, 772, 773, 775, 790, 791, 792, 803, 805, 806, 848, 851, 854, and 855.

These sealed and ex parte documents may be relevant to Duncan's claims raised in the recently filed Motion under 28 U.S.C. § 2255. In that motion, Duncan asserts, *inter alia*, that his counsels' incompetence—including counsel Roger Peven— rendered his guilty plea involuntarily and unknowing. *Compare* Corrected Defendant's Motion for Collateral Relief, ECF 4, at 14–22 (discussing the "crisis" created by Roger Peven's ineffective performance as defense counsel for Mr. Duncan), *with* (Motions Hr'g Tr., CR Dkt 79, at 39:11 (Mar. 19, 2007) ("MR. PEVEN: . . . Just for the Government's understanding, they haven't seen my filings, I have provided the Court what I need, how I intend to proceed, how I have been budgeted. That is something the Government does not have the legal right to see and I will tell them so they know, that was provided ex parte.").)

Duncan also asserts that this Court's denial of his sought-for continuances in trial and penalty phase litigation violated his constitutional rights. *Compare* Corrected Defendant's Motion for Collateral Relief, ECF 4, at 45 (arguing that counsel was rendered ineffective, in part, due to "'[t]he court's denial of a continuance, and denial of an extension of time to file a Rule 12.2 notice (expert mental health evidence)[, which] left [defense counsel] with an untenable Hobson's choice: prepare inadequately for both the guilt/innocence and the penalty phase with only weeks remaining and no chance of a continuance or have Mr. Duncan plead guilty, obtain the Government's cooperation in extending the date to commence the penalty phase,

and shift all focus entirely to preparation of the penalty phase'" (quoting Ex. 1, Declaration of Judy Clarke, at 9)), *with* (CR Corrective Entry Following Dkt 79 (Oct. 4, 2007) (referencing, among others, "[t]he entry docket number 75 EX PARTE MOTION Declaration of Debra Garvey in Support of Motion to Continue Trial Date")), *and* (Motions Hr'g Tr., CR Dkt 88, at 2:23, 9:3–10:18 (Oct. 12, 2007) (seeking a continuance based in part on consequences of case planning by counsel, which were documented in ex parte filings including a "case budget" to the Court).) These documents are now central to Duncan's newly asserted claims. *See, e.g.*, (Motions Hr'g Tr., CR Dkt 79, at 15 (Mar. 19, 2007) ("[T]he government wants to reiterate its opposition to ex parte submissions whether supplied to this Court with the pleadings or in meetings that the defense counsel had with the Court as providing a basis for a continuance, a foundation for a continuance in this case.")); *see also* (CR Dkts 239, 240 (referencing declaration of Russell Stetler as an attachment)). In his § 2255 Motion, Duncan asserts that all counsel at every stage of the criminal proceeding, including during the retrospective competency hearing, were constitutionally ineffective. *See, e.g.*, Corrected Defendant's Motion for Collateral Relief, ECF 4, at 117 ("Mr. Duncan was Denied Assistance of Counsel at the Retrospective Competency Hearing, Despites its Length, Was Not Full and Fair.").

By asserting these claims, Duncan has put all filings by his counsel in the underlying criminal proceeding at issue, including requests for funding. Under the so-called "fairness principle," he has therefore waived any privilege that may have attached to such documents. *See Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir.

2003) ("It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer."); *see also United States v. Sperow*, No. 1:12-cv-000158-BLW, 2012 WL 2254192, at *1 (D. Idaho June 15, 2012) (applying *Bittaker* to § 2255 proceedings).

These sealed and ex parte documents are essential to the government's analysis of Mr. Duncan's claims regarding: (1) his counsels' failure properly mount guilt and penalty phase investigations, including retention of mental health experts; (2) the effect of this Court's denials of Mr. Duncan's motions to continue both guilt and penalty phase proceedings; and (3) the scope of mental health evaluation undertaken by defense experts and the Court. *See United States v. Amlani*, 169 F.3d 1189, 1195 (9th Cir. 1999) (recognizing implicit waiver of privilege when access to relevant facts is required to oppose claim). Accordingly, the government respectfully requests that the Court review the documents and grant the government access to all relevant ex parte and sealed documents filed in the underlying criminal proceeding of case number 2:07-cr-00023-EJL. *See Bittaker*, 331 F.3d at 720 ("If [the client] want[s] to litigate this claim, then [he] must waive [his] privilege to the extent necessary to give [his] opponent a fair opportunity to defend against it.").

While the parties have been able to agree to the disclosure of many documents, we have not been able to reach agreement on the documents enumerated above. The government reached out to defense counsel, who is currently out of the office. Defense counsel attempted to review the underlying documents, but was unable to do so.

Accordingly, defense counsel agrees that the Court should review these documents to

determine whether access to each should be granted.

Respectfully submitted this 12th day of July, 2017.


RAFAEL M. GONZALEZ, JR.
ACTING UNITED STATES ATTORNEY
By:


/s/ *Katherine L. Holey*
KATHERINE L. HOLEY
Assistant United States Attorney

MOTION FOR ACCESS TO SEALED AND EX PARTE DOCUMENTS- 5

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 12, 2017, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing and thereby a copy was served on the following parties or counsel:

| | |
|---|---|
| Lindsay Nicole Bennett<br>Office of the Federal Defender<br>801 I Street, 3rd Floor<br>Sacramento, CA 95814<br>lindsay_bennett@fd.org | ☐ United States Mail, postage prepaid<br>☐ Fax<br>☒ ECF filing<br>☐ E-mail |
| Mark Olive<br>320 W. Jefferson Street<br>Tallahassee, FL 32301<br>meolive@aol.com | ☐ United States Mail, postage prepaid<br>☐ Fax<br>☒ ECF filing<br>☐ E-mail |
| Samuel Richard Rubin<br>Federal Defender Services of Idaho<br>702 W. Idaho Street, Suite 1000<br>Boise, ID 83702<br>dick_rubin@fd.org | ☐ United States Mail, postage prepaid<br>☐ Fax<br>☒ ECF filing<br>☐ E-mail |

/s/ *Katherine L. Holey*
KATHERINE L. HOLEY
Assistant United States Attorney

MOTION FOR ACCESS TO SEALED AND EX PARTE DOCUMENTS- 6