HEATHER E. WILLIAMS, CA Bar No. 122664
Federal Defender
LINDSAY BENNETT, GA Bar No. 141641
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone:     (916) 498-5700
Facsimile:      (916) 498-6656
Email:          Lindsay_bennett@fd.org

MARK E. OLIVE, FL Bar No. 578533
Law Offices of Mark E. Olive
320 W. Jefferson Street
Tallahassee, Florida  32301
Telephone:     (850) 224-0004
Facsimile:      (850) 224-3331
Email:          meolive@aol.com

Attorneys for Petitioner,
JOSEPH EDWARD DUNCAN, III

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSEPH EDWARD DUNCAN, III,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No.  2:17-cv-00091-EJL<br>            2:07-cr-00023-EJL<br><br>PETITIONER'S REPLY TO GOVERNMENT'S REQUEST FOR ACCESS TO SEALED AND EX PARTE DOCUMENTS |

The government has requested access to certain documents thereto filed under seal and/or ex parte in Mr. Duncan's underlying capital trial proceeding as well as Mr. Duncan's retrospective competency proceedings. (Doc. 16).  The trial related documents that are the subject of the government's request are as follows: 15, 26, 29, 35, 40, 59, 70, 100, 101, 118, 119, 218, 240, 260, 300, 301, 337, 342, 343, 442, 474, 475, 481, 483, 490, 506, and 540. The retrospective competency hearing

related documents that are the subject of the government's request are as follows: 711, 731, 738, 739, 740, 753, 754, 764, 767, 768, 772 773, 775, 790, 791, 792, 803, 805, 806, 848, 851, 854, and 855.

Petitioner has undertaken to review the documents at issue. In the instant reply, petitioner will designate the documents into one of three categories: documents that petitioner has no objection to the government having access to, those petitioner does not believe are relevant to claims raised in his 2255 and thus outside the scope of the waiver which would permit the government access, and those that petitioner himself is without access, and thus is unable to take a position regarding whether the government should be provided access.

### Documents Petitioner Does Not Object To The Government Having Access To:

Petitioner agrees with the government that the allegations of ineffective assistance of trial counsel are broad and therefore does not oppose the release to the government of the requested sealed documents, specifically: 26, 29, 35, 40, 70, 100, 101, 118, 119, 218, 240, 260, 300, 337, 442, 474, 475, 483, 490, 506, and 540. It should be noted for the record that petitioner does not have access to documents: 15, 59, 301, 342, 343, and 481. Out of an abundance of caution, petitioner would ask that the Court review these documents prior to releasing them to the government for the purposes of confirming they are relevant to Mr. Duncan's trial ineffectiveness claims. Provided the Court so finds, Mr. Duncan does not object to the documents being released to the government.

Petitioner also agrees that the following documents are relevant to allegations he has raised regarding the performance of counsel who represented him in connection with the retrospective competency hearing: 711, 738, 740, 753, 767, 768, 851, 854, and 855.

### Documents Petitioner Objects To The Government Obtaining Access To:

Petitioner has, as the government notes, raised broad allegations of trial ineffectiveness. By contrast, the allegations regarding the performance of counsel who represented petitioner in connection with the retrospective competency hearing pertain to only a few discreet errors and omissions. The government cites *Bittaker v. Woodford,* 331 F. 3d 715, 716 (9th Cir. 2003) for the

proposition that Mr. Duncan "has put all filings by his counsel in the underlying criminal proceeding at issue, including requests for funding" and, further, that "[u]nder the so-called 'fairness principle,' he has waived any privilege that may have attached to such documents." Doc. 16 at 3. As noted, Mr. Duncan has no objection to the release of most of the documents that the government has inquired about. However, as the Court in *Bittaker* was careful to point out, courts "must impose a waiver no broader than needed to ensure the fairness of the proceedings before it." *Bittaker*, 331 F. 3d at 720. The Court in *Bittaker* went on to explain, "Courts, including ours, that have imposed waivers under the fairness principle have therefore closely tailored the scope of the waiver to the needs of the opposing party in litigating the claim in question." *Id.*, citing *Kerr v. U.S. Dist. Court*, 426 U.S. 394 at 405 (1976) (regarding need to ensure "balance between petitioners' claim[] of . . . privilege and plaintiff's asserted need for the documents is correctly struck") and *United States v. Amlani*, 169 F.3d 1189, 1196 (9th Cir. 1999) (holding that "only those documents or portions of documents relating to the [claim asserted by the client] [should be] disclosed"). Consistent with the need to tailor the scope of the waiver to those claims and allegations raised in Mr. Duncan's 2255, petitioner submits that certain documents are outside that scope and thus should not be provided to the government.

Petitioner's ineffectiveness allegations regarding his counsel for the retrospective competency proceedings, set forth at pages 117-119 of the 2255 petition, are: (1) their violation of the Court's discovery order as to Drs. First, Amador, and Beaver, which resulted in portions of their testimony being excluded; (2) their failure to have Dr. Amador examine Mr. Duncan; (3) their failure to provide Cheri Cox's testimony to their experts for incorporation into their testimony; and (4) their failure to call an expert like Dr. Lisak to explain the impact of sexual trauma and victimization in Mr. Duncan's psychological development. Petitioner submits that while documents: 711, 738, 740, 753, 767, 768, 851, 854, and 855 are potentially relevant to those allegations specified above, the remaining documents mentioned from the retrospective competency hearing are not, in petitioner's view, germane to the specifics allegations raised. Specifically, petitioner submits that documents: 772, 773,

775, 790, and 792 relate to matters outside the scope of the limited allegations of ineffective assistance of counsel that relate to Mr. Duncan's retrospective competency hearing. Accordingly, petitioner objects to the release of documents: 772, 773, 775, 790, and 792 to the government.

*Documents Petitioner Does Not Have Access To:*

At present, petitioner still has not been able to access to following documents: 15, 59, 301, 342, 343, 481, 731, 739, 754, 764, 803, 805, 806, and 848. As such, petitioner is unable to determine whether those documents are relevant to the allegations within his 2255 and, thus, should be accessible to the government. Consistent with the government's request, petitioner requests that the Court review those documents to determine whether or not access should be granted.

Respectfully submitted this 9th day of August, 2017.


HEATHER E. WILLIAMS
Federal Defender

*/s/ Lindsay Bennett*
LINDSAY BENNETT
Assistant Federal Defender

MARK E. OLIVE
Esquire

Attorneys for Petitioner,
JOSEPH EDWARD DUNCAN, III

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 9th day of August, 2017, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Rafael M. Gonzalez, Jr. | Katherine L. Holey |
| Acting United States Attorney | Assistant United States Attorney |
| Rafael.gonzalez@usdoj.gov | Katherine.holey@usdoj.gov |
| United States Attorney's Office | United States Attorney's Office |
| Washington Group IV | Washington Group IV |
| 800 Park Blvd., Suite 600 | 800 Park Blvd., Suite 600 |
| Boise, Idaho 83712 | Boise, Idaho 83712 |

*/s/ Lindsay Bennett*
LINDSAY BENNETT