RAFAEL M. GONZALEZ, JR.
ACTING UNITED STATES ATTORNEY
KATHERINE L. HOLEY, OKLAHOMA STATE BAR NO. 30110
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1413
E-MAIL: Katherine.holey@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

JOSEPH EDWARD DUNCAN, III,

Movant,

vs.

UNITED STATES OF AMERICA,

Respondent.

Case No.  2:17-CV-00091-EJL
          2:07-CR-00023-EJL

**GOVERNMENT'S REPLY TO
DUNCAN'S RESPONSE
(CV DKT 21)**

On July 12, 2017, the Government requested that the Court provide access to the following documents and attachments thereto filed under seal and/or ex parte in the underlying criminal proceeding against Duncan:  Document Nos. 15, 26, 29, 35, 40, 59, 70, 100, 101, 118, 119, 218, 240, 260, 300, 301, 337, 342, 343, 442, 474, 475, 481, 483, 490, 506, 540, 711, 731, 738, 739, 740, 753, 754, 764, 767, 768, 772, 773, 775, 790, 791, 792, 803, 805, 806, 848, 851, 854, and 855.  *See* CV Dkt. 16, at 1.

In his response, Duncan agrees that the Government should have access to the following documents:  26, 29, 35, 40, 70, 100, 101, 118, 119, 218, 240, 260, 300, 337,

442, 474, 475, 483, 490, 506, 540, 711, 738, 740, 753, 767, 768, 851, 854, and 855. *See* CV Dkt. 21, at 2–3. Because relevancy and waiver of privilege regarding these documents are not disputed, this Court need not conduct a review of these of documents to determine relevancy and waiver. The Government therefore respectfully requests that the Court grant immediate access to these documents.

In his response, Duncan also indicated that he was unable to review the following documents: Document Nos. 15, 59, 301, 342, 343, 481, 731, 739, 754, 764, 803, 805, 806, and 848. CV Dkt. 21, at 2–3. Out of an abundance of caution, the Government requests that initial access to these documents be granted solely to Duncan before the Court determines the relevancy and privilege of each. *Compare Lambright v. Ryan*, 698 F.3d 808, 823–24 (9th Cir. 2012) (holding that the district court abused its discretion by releasing materials arguably subject to privilege "without first giving the petitioner a full opportunity to explain why such materials should remain protected"). For expediency's sake, the Government respectfully requests that Duncan be granted immediate access to the following documents to evaluate the extent of his waiver of any privilege under the "fairness principle": Document Nos. 15, 59, 301, 342, 343, 481, 731, 739, 754, 764, 803, 805, 806, and 848. Once Duncan has had an opportunity to assert an argument regarding privilege, the Government respectfully requests that this Court undertake review to determine whether Duncan has waived that privilege. If the Court so finds, disclosure is appropriate.

Finally, in his response, Duncan disputes the relevancy of the following documents to his purported claim of ineffective assistance of counsel during the retrospective competency litigation: Document Nos. 772, 773, 775, 790, 791,[1] and 792. *See* CV Dkt. 21, at 3–4. The Government respectfully requests that this Court review the above-enumerated documents to determine the relevancy of each to Duncan's ineffectiveness claims[2] and whether Duncan has waived any privilege that may have attached to each. *See Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003) ("[T]he court must impose a waiver no broader than needed to ensure the fairness of the proceedings before it.").

To the extent that this Court concludes that Duncan has waived any privilege attached to disputed documents for the purpose of the habeas proceeding, it must ensure that the use of such privileged material be limited to the current habeas proceeding. *See id.* at 727–28 (recognizing district courts' "obligation" to "ensure that the party given . . . access does not disclose these materials, except to the extent necessary in the habeas proceeding, i.e., to ensure that such a party's actions do not result in a rupture of the privilege").

---

[1] In his response, Duncan inadvertently omitted Document No. 791 in the third category of documents addressed in the present motion. In response to the Government's inquiry by e-mail about this omission, Duncan informed the Government that he does object to the Court granting access to Document No. 791 for the reasons provided in his response, CV Dkt. 21, at 2-4.

[2] The Government disputes that Duncan adequately briefed and raised this claim in his § 2255 Motion. Regardless, for purposes of the present motion, the Government asks the Court to review the relevant documents as if the ineffectiveness claim had been adequately briefed and raised.

Respectfully submitted this 17th day of August, 2017.

RAFAEL M. GONZALEZ, JR.
ACTING UNITED STATES ATTORNEY
By:


/s/ Katherine L. Holey
KATHERINE L. HOLEY
Assistant United States Attorney


CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 17, 2017, the foregoing was electronically

filed with the Clerk of the Court using the CM/ECF system, which sent a Notice of

Electronic Filing and thereby a copy was served on the following parties or counsel:

| | |
|---|---|
| Lindsay Nicole Bennett<br>Office of the Federal Defender<br>801 I Street, 3rd Floor<br>Sacramento, CA 95814<br>lindsay_bennett@fd.org | ☐ United States Mail, postage prepaid<br>☐ Fax<br>☒ ECF filing<br>☐ E-mail |
| Mark Olive<br>320 W. Jefferson Street<br>Tallahassee, FL 32301<br>meolive@aol.com | ☐ United States Mail, postage prepaid<br>☐ Fax<br>☒ ECF filing<br>☐ E-mail |
| Samuel Richard Rubin<br>Federal Defender Services of Idaho<br>702 W. Idaho Street, Suite 1000<br>Boise, ID 83702<br>dick_rubin@fd.org | ☐ United States Mail, postage prepaid<br>☐ Fax<br>☒ ECF filing<br>☐ E-mail |

*/s/ Katherine L. Holey*
KATHERINE L. HOLEY
Assistant United States Attorney


REPLY—MOTION FOR ACCESS TO SEALED AND EX PARTE DOCUMENTS- 4