UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSEPH EDWARD DUNCAN, III,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case Nos. 2:17-cv-00091-EJL<br>2:07-cr-00023-EJL<br><br>**ORDER** |

**INTRODUCTION**

Before the Court in the above-entitled matters is the Government's Motion for Access to Sealed and Ex Parte Documents. (CV Dkt. 16; CR Dkt. 877.) The Motion asks that the Court grant the Government access to certain documents previously filed under seal and *ex parte* in the underlying criminal case. Petitioner agrees to the release of some of the requested documents to the Government and opposes the release of certain other documents. (CV Dkt. 21.) Petitioner further notes that he does not have access to some of the requested documents and asks that the Court review those documents prior to releasing them. The Government suggests that the Court release the inaccessible documents to the Petitioner for his review before determining whether to release them. (CV Dkt. 22; CR Dkt. 880.) As to the documents to which Petitioner opposes releasing, the Government requests that the Court review those documents to determine their relevancy to the claims raised in the § 2255 Petition. The Court finds as follows.

**DISCUSSION**

**1.      Disclosure of Non-Objected to Documents**

Petitioner agrees to the disclosure of the following Documents from the underlying criminal case: 26, 29, 35, 40, 70, 100, 101, 118, 119, 218, 240, 260, 300, 337, 442, 474, 475, 483, 490, 506, and 540. (CV Dkt. 21.) Petitioner also agrees that the following Documents from the retrospective competency hearing are potentially relevant to the allegations raised in his § 2255 Petition: 711, 738, 740, 753, 767, 768, 851, 854, and 855. (CV Dkt. 21.) Because there is no objection, the Court grants the Government's Motion with respect to these enumerated Documents. The Government is granted access to these Documents.

**2.      Documents to Which Petitioner Opposes Disclosure**

Petitioner objects to the disclosure of the following Documents from the retrospective competency hearing in the underlying criminal case: 772, 773, 775, 790, 791, and 792.[1] (CV Dkt. 21.) Petitioner argues these Documents relate to matters outside the scope of the limited allegations of ineffective assistance of counsel that relate to his retrospective competency hearing. The Government argues the Documents may be relevant to the Petitioner's § 2255 claims of ineffective assistance of counsel by all of his attorneys at every stage of the criminal proceeding and retrospective competency hearing. (CV Dkt. 16, 22.) Specifically, the Government contends Petitioner's ineffective assistance of counsel claims have put all filings by his counsel in the underlying criminal proceeding at

---

[1] The Court clarified with the parties that Petitioner objects to disclosure of Document 791 arguing it falls outside the scope of the limited allegations of ineffective assistance of counsel made in relation to the retrospective competency hearing. (CV Dkt. 21 at 2-4.)

issue and, under the "fairness principle" Petitioner has waived any privilege that may have attached to the Documents. (CV Dkt. 16 at 3-4.) Petitioner maintains these Documents are not relevant to his limited claim of ineffective assistance of counsel at the retrospective competency hearing and the scope of any waiver of his privilege under the "fairness principle" must be narrowly tailored. (CV Dkt. 21 at 2-3.)

"It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003). This rule is called the "fairness principle" whereby a party is not allowed to use the privilege as both a shield and a sword. *Id.* at 719 (citing *United States v. Amlani*, 169 F.3d 1189, 1196 (9th Cir. 1999)) (citations omitted). "In practical terms, this means that parties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials. The party asserting the claim is said to have implicitly waived the privilege." *Id.*

Application of this principle gives rise to three "important implications." *Id.* at 720-21. First, waiver of the privilege must be no broader than needed to ensure the fairness of the proceedings; i.e., the scope of the waiver must be "closely tailored" to achieve fairness. *Id.* (citations omitted). Second, "the holder of the privilege may preserve the confidentiality of the privileged communications by choosing to abandon the claim that gives rise to the waiver." *Id.* Third, if the privileged materials are disclosed, the holder of the privilege is entitled to rely on the conditions of the waiver imposed by the court and the recipient of the materials is bound by those same conditions and limitations. *Id.*

With these principles in mind, the Court has undertaken a review of the § 2255 Petition's claim of ineffective assistance of counsel at the retrospective competency hearing as well as each of the Documents listed above and finds the Documents requested by the Government do not relate to the Petitioner's ineffective assistance of counsel claim regarding the retrospective competency hearing. (CV Dkt. 1 at 117-121.)

In his § 2255, Petitioner claims the evidence at the retrospective competency hearing is not conclusive and the proceeding should not be treated as full and fair due to the unreasonable errors and omissions of defense counsel at the hearing relating to the handling of experts. (CV Dkt. 1 at 117.) The Petitioner alleges his counsel at that hearing made errors with regard to Drs. Michael First, Xavier Amador and Craig Beaver which resulted in the testimony of those witnesses being excluded and/or limited such that he was unable to fully present evidence countering the prosecution's case and/or supporting the defense's position that Petitioner was incompetent. (CV Dkt. 1 at 117-119.) Further, Petitioner asserts his attorneys failed to have Drs. George Woods, James Merikangas, or Ruben Gur review and consider the testimony of Cheri Cox, Petitioner's sister, concerning whether the Petitioner could have the mental deficiencies described by the defense experts while still presenting with a relative lack of symptomatology. (CV Dkt. 1 at 119.) Finally, Petitioner claims he was deprived of a full and fair determination at the retrospective competency hearing due to the Government's withdraw of Dr. Ronald Roesch's testimony and the failure to consider Dr. Roesch's interviews of the Petitioner which, the defense argues, strongly support the case for incompetency. (CV Dkt. 1 at 120.)

The Court finds that Documents 772, 773, 775, 790, 791, and 792 do not relate to any of the experts named or arguments made in Petitioner's § 2255 claim for ineffective assistance of counsel at the retrospective competency hearing. (CV Dkt. 1 at 117-121.) These Documents instead concern the defense witness Scarlet Nerad and the Government's anticipated rebuttal witness Dr. Steven Marx.[2] Therefore, the Court denies the Government's Motion for Access as to Documents 772, 773, 775, 790, 791, and 792.

**3.      Review of Inaccessible Documents**

Petitioner notes he does not have access to Documents 15, 59, 301, 342, 343, 481, 731, 739, 754, 764, 803, 805, 806, and 848 from the underlying criminal case and retrospective competency hearing. (CV Dkt. 21.) Petitioner suggests that the Court review the Documents to determine whether access should be granted. (CV Dkt. 21.) The Government requests that the Court allow Petitioner to review the Documents before it determines the relevancy and privilege of each. (CV Dkt. 22.) Because the parties are more familiar with the claims raised in the § 2255 Petition, the Court finds it best to grant Petitioner access to these Documents for his review concerning their relevancy and whether the Government should be granted access.

The Court will order that Petitioner be allowed electronic access to these Documents.[3] The Petitioner shall review the materials and file a supplemental written

---

[2] Dr. Marx was ultimately not called to testify at the retrospective competency hearing. (CR Dkt. 795.)

[3] The Court notes that Documents 59, 301, 342, 481 in the criminal case are docket entry orders. (CR Dkt. 59, 301, 342, 481.) There is no further material contained in those documents beyond that reflected on the docket sheet.

response to the Motion for Access stating his position concerning the Government's request for access to these particular Documents. Such filing shall be made on or before September 1, 2017.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED as follows as to the Motion for Access (CV Dkt. 16; CR Dkt. 877):

1) The Motion is **GRANTED** as to Criminal Docket Numbers: 26, 29, 35, 40, 70, 100, 101, 118, 119, 218, 240, 260, 300, 337, 442, 474, 475, 483, 490, 506, 540, 711, 738, 740, 753, 767, 768, 851, 854, and 855. The Clerk of the Court is directed to allow the Government to access these Documents electronically while keeping the materials otherwise sealed to the public.

2) The Motion is **DENIED** as to Criminal Docket Numbers: 772, 773, 775, 790, 791, and 792.

3) The Motion is **UNDER ADVISEMENT** as to Criminal Docket Numbers: 15, 59, 301, 342, 343, 481, 731, 739, 754, 764, 803, 805, 806, and 848. The Clerk of the Court is directed to allow only Petitioner to have electronic access to these Documents. The Petitioner shall review the materials and file a supplemental written response to the Motion for Access stating his position concerning the Government's request for access to these particular Documents. Petitioner's supplemental response shall be filed on or before **September 1, 2017**.

DATED: August 29, 2017

Honorable Edward J. Lodge
United States District Court