# GOVERNMENT'S ATTACHMENT

# 19

## UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

In the Matter of Amending the )
Term of Jury Service for the )
Northern Division )
_____ )

**U. S. District/Bankruptcy Court**
**For the District of Idaho**

**Filed** May 17, 2005
**By Cameron S. Burke, Clerk**

General Order # 196

This matter is before the court upon the motion of the jury administrator to shorten the term of service for the northern petit jury to be consistent with the other divisions within the District of Idaho, AND

Said change will make service for jurors less burdensome and more convenient,

NOW THEREFORE, the Plan for the Random Selection of Grand and Petit Jurors, adopted by General Order 152, amended by General Order 164, and amended by General Order 184, is hereby amended as follows:

"U.    TERM OF SERVICE

Petit jurors in the Southern, Northern, and Eastern divisions shall serve for a one (1) month term of service, one appearance or one (1) trial. Petit jurors in the Northern division shall serve for a two (2) month term of service, one appearance, or one (1) trial. The grand jurors shall serve for a term not in excess of twelve (12) months, unless otherwise extended by the Court. During these terms of service no person shall be required to serve or attend Court for prospective service as a petit juror for a total of more than thirty (30) days, except when necessary to complete service in a particular case; nor shall any person be required to serve upon more than one grand jury or to serve as both a grand and petit juror."

Subject to the approval of the 9th Circuit Judicial Council, this order and the new jury plan will become effective on July 1, 2005. The Clerk if directed to incorporate these changes into the Plan for the Random Selection of Grand and Petit Jurors.

Dated this 17th day of May, 2005.

B. Lynn Winmill, Chief District Judge

**UNITED STATES DISTRICT COURT**
**DISTRICT OF IDAHO**

| | | |
|---|---|---|
| Order Adopting an Amended Plan | ) | |
| for the Random Selection | ) | Amended Plan Pursuant to |
| of Grand and Petit Jurors | ) | General Order 196 |

Pursuant to the Jury Selection and Service Act of 1968, as amended (28 U.S.C. § 1861 et seq.) the following amended Jury Plan is hereby adopted by this Court subject to the approval of the reviewing panel for the 9th Circuit Court of Appeals, and to such rules and regulations as may be adopted by the Judicial Conference of the United States. When approved, this Amended Plan will supersede the Jury Plan now in effect in the District of Idaho, including General Order 144, and other orders of the Court.

A.      APPLICABILITY OF PLAN

The District of Idaho is divided into divisions for jury selection purposes, pursuant to Section 1869 (e) of the Act, as follows:

Southern Division, consisting of the counties of:

| | | |
|---|---|---|
| Ada | | |
| Adams | Elmore | Owyhee |
| Blaine | Gem | Payette |
| Boise | Gooding | Twin Falls |
| Camas | Jerome | Valley |
| Canyon | Lincoln | Washington |

Northern Division, consisting of the counties of:

| | | |
|---|---|---|
| Benewah | Clearwater | Latah |
| Bonner | Idaho | Lewis |
| Boundary | Kootenai | Nez Perce |
| | | Shoshone |

Eastern Division, consisting of the counties of:

| | | |
|---|---|---|
| Bannock | Clark | Lemhi |
| Bear Lake | Cassia | Madison |
| Bingham | Custer | Minidoka |
| Bonneville | Franklin | Oneida |
| Butte | Fremont | Power |
| Caribou | Jefferson | Teton |

The provisions of this Plan shall apply to all the counties within each of these divisions.

B.    DECLARATION OF POLICY

It is the policy of this Court that all litigants in the Court, entitled to trial by jury, shall have the right to petit jurors selected at random from a fair cross section of the community in the division where the Court convenes and that all qualified citizens who reside in the district and are not exempt or disqualified, shall have an obligation to serve as jurors when summoned for that purpose.

C.    DISCRIMINATION PROHIBITED

No citizen shall be excluded from service as a grand or petit juror in this Court on account of race, color, religion, sex, national origin, economic status, or physical handicap.

D.    MANAGEMENT OF THE PLAN

This Plan shall be managed by the Clerk of the Court under the supervision and control of the Chief Judge or such other judge as may be designated to perform those duties. In this plan, "Clerk" and "Clerk of the Court" shall mean the Clerk of the District Court of the United States, any authorized deputy clerk, and any other person authorized by the Court to assist the Clerk in the performance of functions under this chapter. (28 U.S. C. 1869(a), as amended.)

The Court finds that electronic data processing methods can be advantageously used for managing this plan. Therefore, a properly programmed electronic data processing system, or a combination system employing both manual and electronic machine methods, may be used to select master wheel names, select names of persons to be sent questionnaires, select names of persons to be summoned, and to perform other clerical and record keeping functions as may be prescribed by the Court.

In the event of computer malfunction, or any overt or obvious deviation from this Plan caused by automation, the Clerk, with the approval of the Court, shall manually proceed from the last step correctly implemented.

E.    JURY SELECTION SOURCES

The Court finds that the source from which the names of petit and grand jurors shall be selected at random shall be the merged lists of general election voter registration, and licensed drivers after the elimination of known duplicates from all the counties within the relevant division, and does further find that such lists, as described above, represent a fair cross section of the community within the district.

Accordingly, names of grand and petit jurors serving in this Court shall be selected by randomized procedures from the merged lists of licensed drivers and registered voters. The names of registered voters will be obtained from the general election as maintained in the books, lists, or automated voter registration systems of each county, and certified as being the correct number by

2

the Secretary of State. The names of licensed drivers list will be obtained from the lists or automated systems from the Department of Motor Vehicles.

This Plan's reference to random selection shall mean that in any selection procedure all names shall be chosen by a purely random method.

This randomized selection procedure which is described in the next section insures (a) that the names chosen will represent all segments of the source file from which drawn, (b) that the mathematical odds of any single name being picked are substantially equalized, and (c) that the possibility of human discretion or choice affecting the selection of any individuals name is eliminated.

F.     INITIAL SELECTION OF NAMES FOR THE MASTER JURY WHEEL

The Judges of this Court find that the initial selection of persons to be considered for service as grand and petit jurors from the merged lists of voters, and licensed drivers, after the elimination of known duplicates, shall be made at random in such a total number as may be deemed sufficient for a two (2) year period.

In creating the master jury wheel, the number of names drawn from each county shall be substantially in the same proportion to the total number drawn from all counties within the division, as the number of names on the voter registration lists and for all counties within the division. While the Court is merging licensed drivers and registered voters in creating the master jury wheel, for purposes of meeting the proportional representation from each county required by 28 U.S.C. § 1863 (b) (3), the number of registered voters will be used as certified by the Secretary of State. For example, if there are exactly 180,000 names on the voter registration lists of all counties within the division and there are 36,000 names on county "A's" list, (twenty percent of the total) then the number of county "A's" names initially selected should be substantially twenty percent of the total number selected from all counties within the division. However, the selection of names from the master jury wheel for the purpose of qualification and summons (one-step) will be purely random.

For the purpose of calculating the total number of registered voters in the respective divisions within the District, the Clerk will add together the total obtained from each county, as certified by the Secretary of State. The number taken as the total for each county may be based, at the Clerk's option, upon either a manual or a mechanized count of the names on the county's list or upon such total number as is certified by the Secretary of State.

After first determining the total number of names needed for the master jury wheel and then the proportionate share of names to be drawn from the source lists for each particular county, the Clerk shall proceed either manually or through a combination of manual and computer methods to make the initial selection of names from the source list of each county.

3

The sequence in which voter lists from various counties are to be obtained for the purpose of selecting names will, at the option of the Clerk, be any administratively convenient order, such as the chronological order in which the lists were obtained, or in alphabetical sequence by county name, or in a simple randomized sequence.

### G.   METHOD AND MANNER OF RANDOM SELECTION

At the Clerk's option, and after consultation with the Court, the selection of names from complete source list databases in electronic media for the master jury wheel may be accomplished by a purely randomized process through routines approved by the National Institute of Standards and Technology (NIST). Similarly, at the option of the Clerk and after consultation with the Court, a properly programmed electronic data processing system for pure randomized selection may be used to select names from the master wheel for the purpose of summoning persons to serve as grand or petit jurors. Such random selection of names from the source list for inclusion in the master wheel by data computer personnel must insure that each county within the jury division is substantially proportionally represented in the master jury wheel in accordance with 28 U.S.C. § 1863(b)(3). The selection of names from the source list and the master wheel must also insure that the mathematical odds of any single name being picked are substantially equal.

In order to ensure the exercise of proper supervision and management over the automated aspects of jury selection, and in accordance with statutory requirements, the Clerk of the Court shall issue to the operator of the computer facilities written instructions describing the operation which shall be performed by the computer equipment. In addition, the Court shall require the execution of an affidavit by the agency providing the computer service. Such affidavit shall state under penalty of perjury that the procedures set down by the Court governing the selection process have been fully met in the automated phase of the selection process. These two documents shall be made a part of the records of the Clerk of Court.

### H.   SELECTING THE NAMES BY MANUAL METHODS

When selection from the merged county voter registration and drivers license lists is made manually, the choosing of names shall be by counting names down the list, either in a numerical sequence if the names are numbered or, if they are not numbered, in any other logical consistent sequence.

### I.   SELECTING THE NAMES BY MACHINE METHODS

The Judges of this Court find that electronic data processing methods can be advantageously used for selecting and copying names from the merged voter registration lists and drivers license lists of those counties that maintain these lists in machine readable forms such as punched cards, magnetic tapes, or magnetic discs or any other electronic or automated storage medium. It is further found that in smaller counties currently maintaining their voter registration lists in handwritten or printed forms, it may be advantageous to employ a combination of methods whereby names are

4

initially selected from the voter registration lists manually and then recorded on punched cards and tapes for subsequent handling and copying of these names by electronic machine methods.

Therefore, a properly programmed electronic data processing system or a combination system employing both manual and electronic machine methods may, at the Clerk's option and after consultation with the Chief Judge, be used to select master wheel names from the merged voter lists and drivers license lists of any or all counties in the District, provided that the required proportions of names for each county are maintained.

Similarly, the Judges of this Court find that an electronic data processing system or a combination electronic and manual system may be used to select names from the master wheel of persons to be summoned to serve as grand or petit jurors, and for the recording of names of prospective jurors on any papers and records needed by the Court to administer the selection and payment of jurors.

If the Court elects to use electronic machine methods in connection with any or all of the Districts' voter records, drivers license records, or master jury wheels, the name selection system shall be planned and programmed according to the purely random method described above.

J.    MASTER JURY WHEELS

The Clerk shall maintain a master jury wheel or a device similar in purpose and function for each division within the District. The names and addresses of all persons randomly selected from the source lists shall be placed in the master wheel for that division. The physical form of record on which names for the master wheels are kept may include such electronic data storage devices as punched cards, magnetic tapes, or magnetic disk files. Pursuant to Section 1863(b)(4) of the Act, the minimum number of names to be placed in the master jury wheels shall be at least one-half of one percent of the total number of names on the source lists within the division or as may be prescribed by the Clerk under the direction of the Chief Judge. Therefore, the approximate number of names to be selected for each division's master wheel will be as follows:

| | |
|---|---|
| Southern Division | 10,000 |
| Northern Division | 4,000 |
| Eastern Division | 10,000 |

These names may be selected on an incremental basis for administrative convenience. The Judges of this Court may order additional names to be placed in the master jury wheel for said divisions from time to time as necessary and in accordance with the formula described above.

The master jury wheels currently in full force and effect shall be emptied and refilled every two (2) years.

K.   DRAWING OF NAMES FROM THE MASTER JURY WHEELS;
     ONE-STEP SUMMONING AND JUROR QUALIFICATION

Pursuant to 28 U.S.C. § 1878, the Court is using a one-step procedure to qualify and summons jurors. The Clerk, at periodic intervals, shall publicly draw at random from the master jury wheels, the names of as many persons as may be required to qualify and summon a sufficient number of jurors for the term of service in each division. The number of names to be drawn shall be determined by the Clerk based upon anticipated juror demands by the Court plus a margin of extra names sufficient to compensate for the estimated number that will turn out to be unavailable or ineligible.

The Clerk shall have prepared, by manual or computer means, alphabetized lists of the names drawn. These lists shall not be exhibited to any person except as provided herein and in Section 1867 and 1868 of the Act, as amended. The Clerk shall prepare and have mailed to every person whose name is so drawn, a summons and juror qualification form, accompanied by instructions to execute and return the questionnaire duly signed and sworn, to the Clerk of Court within ten (10) days. The Court shall utilize the juror qualifications forms prescribed by the Administrative Office of the United States Courts and approved by the Judicial Conference of the United States for this purpose.

If a person is unable to fill out the juror qualification questionnaire, another person shall do it and shall indicate that he or she has done so and the reason therefore. In any case in which it appears that there is an omission, ambiguity, or error in form, the Clerk shall return the form with instructions to the person to make such additions or corrections as may be necessary. Thereafter, the Clerk will instruct the person to return the completed form within ten (10) days of the receipt of the questionnaire.

The remaining sections of Section 1864 of the Act, as amended, in regard to the penalties provided for therein in relation to any person failing to appear and any person who wilfully misrepresents a material fact on a juror qualification form, are by reference made a part hereof as though the same were set forth at length herein.

L.   EXCUSES ON INDIVIDUAL REQUEST

The Judges of this Court find that jury service by members of the following occupational classes or groups of persons would entail undue hardship or extreme inconvenience to the members thereof, and the excuse of such members will not be inconsistent with the Act, as amended, and shall be granted upon individual request to those:

     1.   Persons over 70 years of age.

     2.   Persons who have served as a grand or petit juror in the State or Federal Court within the past two (2) years.

3.  Persons having active care and custody of a child or children under 10 years of age whose health and/or safety would be jeopardized by their absence for jury service; or a person who is essential to the care of aged or infirm persons.

4.  Any person whose services are so essential to the operation of a business, commercial, or agricultural enterprise that the enterprise must close if such person were required to perform jury service.

5.  Persons making a showing of facts otherwise constituting undue hardship or extreme inconvenience pursuant to 28 U.S.C. 1869 (j). Undue hardship or extreme inconvenience shall mean great distance, either in miles or travel time, from the place of holding Court, grave illness in the family or any other emergency which outweighs in immediacy and urgency the obligation to serve as a juror when summoned, or any other factor which the Court determines to constitute an undue hardship or to create an extreme inconvenience to the juror; and in addition, in situations where it is anticipated that a trial or grand jury proceeding may require more than thirty (30) days of service, the Court may consider as a further basis for temporary excuse, severe economic hardship to an employer which would result from the absence of a key employee during the period of such service. This excuse from jury duty would be a temporary excuse only, and the juror shall be summoned again for jury service in accordance with 28 U.S.C. § 1866(c).

6.  Volunteer safety personnel. These are personnel who serve without compensation as fire fighters or members of a rescue squad or ambulance crew for a "public agency". "Public agency" for this purpose means the United States, any State of the United States, the District of Columbia, Puerto Rico, the Virgin Islands, Guam, American Samoa, or other territory of the United States, or "any unit of local government, department, or instrumentality of any of the foregoing."

M.  EXEMPTION FROM JURY SERVICE

The Court hereby finds that exemptions of the following groups of persons of occupational classes is in the public interest and would not be inconsistent with the Act, as amended, and accordingly such groups are exempted from jury service:

1.  Members in active service in the Armed Forces of the United States.

2.  Members of the fire or police departments of any state, district, territory, possession, or subdivision thereof.

7

3. Public officers in the executive, legislative, or judicial branches of the Government of the United States, or any state, district, territory, or possession, or subdivision thereof, who are actively engaged in the performance of official duties. Public officer shall mean a person who is either elected to public office or who is directly appointed by a person elected to a public office.

N. DETERMINATION OF QUALIFICATIONS, EXCUSES, AND EXEMPTIONS

The Court, Clerk of Court or Designee(s), shall determine solely on the basis of information provided on the juror qualification form and other competent evidence whether a person is unqualified for, or exempt, or to be excused from jury service. Only objective criteria may be used to determine if any person is unqualified for jury service or whether a basis exists for exempting or excusing any person from jury service. If a person did not appear in response to a summons, such fact shall be noted.

In making such determination, the Court, Clerk of Court or Designee shall deem any person qualified to serve on grand and petit juries in the District Court unless he or she:

1. is not a citizen of the United States, eighteen (18) years of age who has resided within the Judicial District for a period of one (1) year;

2. is unable to read, write, and understand the English language with a degree of proficiency sufficient to satisfactorily fill out the juror qualification form;

3. is unable to speak the English language;

4. is incapable, by reason of mental or physical infirmity, of rendering satisfactory jury service;

5. has a charge pending against him or her for the commission of , or has been convicted in a State or Federal Court of record of a crime punishable by imprisonment for more than one year and his or her civil rights have not been restored.

O. QUALIFICATION AND SUMMONING OF JURORS; RELEASE OF JUROR INFORMATION

Upon Court order, the Clerk shall randomly select from the master jury wheel, by machine or manual methods, the designated number of persons to be qualified and summoned for a specific date. The Clerk shall have prepared an alphabetical list of all persons qualified and summoned. The names and biographical information of summoned jurors shall not be made public sooner than seven

8

days prior to trial, provided that the Court may order that the names be made public at an earlier date or that they may be kept confidential in a case or in cases when the interests of justice so require. Jurors summoned may be excused upon written request to the Clerk of Court, who is authorized to grant requests for temporary excuse on the grounds of undue hardship or extreme inconvenience. The Clerk of Court or his designee shall approve or disapprove such request subject to 28 U.S.C. §1869(j).

P.      GRAND JURY PANEL

It is the policy of the United States that all criminal defendants in this District shall have the right to indictment by a grand jury selected at random from a fair cross section of the persons within this District. The Court finds that the composition of persons summonsed to serve on any Grand Jury convened in any of the three divisions identified in this jury plan also represents a fair cross section of the entire population of the District. Therefore Grand Jury sessions can be held at any of the four locations designated in 28 U.S.C. § 92 where the Court convenes: Northern Division, Coeur d'Alene and Moscow; Southern Division, Boise; and Eastern Division, Pocatello.

While the Court is merging licensed drivers and registered voters for juror selection, for purposes of meeting the proportional representation from each county required by 28 U.S.C. § 1863 (b) (3), the number of registered voters will be used as certified by the Secretary of State. Grand Juries may be convened by drawing grand jurors solely from any of the three divisions' master wheels. In addition a Grand Jury may be convened by drawing grand jurors from all three master wheels or by drawing grand jurors from two of the master wheels. In which event the pro-rata share for such a Grand Jury shall be determined as follows: (1) For a Grand Jury convened from all three divisions, the pro-rata share shall be based on the total number of persons on the voter registration lists of each division as compared to the total number of persons on the voter registration lists of all divisions as certified by the Secretary of State. (2) For a Grand Jury drawn from two of the divisions, the pro-rata share shall be based on the total number of persons on the voter registration lists of each division as compared to the total number of persons on the voter registration lists of the two divisions as certified by the Secretary of State.

For example, if a Grand Jury was to be convened by drawing names from the Southern and Eastern Division merged master wheels, and if the Southern Division would represent seventy-five percent (75%) of the registered voter list when compared to the total number of registered voters for these two divisions, then seventy-five percent (75%) of those summoned must come from the merged master wheel of the Southern Division.

The Clerk shall prepare a separate list of names of persons assigned to each grand jury. All other provisions of Section 1866 of the Act, as amended, in regard to the selection and summoning of jury panels, are incorporated by reference.

Pursuant to 28 U.S.C. § 1871(c)(5), the Court delegates to the Clerk or the designated deputy clerks performing jury functions to determine if weather conditions warrant air travel by grand jurors to any location where a Grand Jury is to be convened.

Q.    PUBLIC ANNOUNCEMENT OF THE PLACE AND TIME OF AUTOMATED SELECTION OF NAMES BY COMPUTER CENTER

Random drawings of names of prospective jurors by automated selection methods shall be made at the designated computer center. The location and approximate time of such drawings shall be publicly announced in a place such as the bulletin board in the Office of the Clerk.

The Clerk shall retain and, when requested, provide public access to the following documents:

1.    The Jury Selection Plan.

2.    A copy of the Court's authorization and instruction order to the person or computer service organization which carries out automated name selection tasks for the Court.

3.    A copy of the affidavit completed by the computer service which sets forth their compliance with the Court's order.

4.    A verbal or graphically charted description of the procedure employed in the automated selection system.

R.    IMPANELING JURORS

The panel of jurors summoned as petit jurors shall report in the jury assembly room of their division. Names of persons summoned and not excused by the Court may be inserted into a total jury panel wheel from which the jury pool for a given day or week may be selected. The Clerk shall prepare, for the use of Court and counsel, a separate list of names of persons assigned to each petit jury.

No sooner than 7 days in advance of trial, the names and biographical information, excluding street address, home and work telephone numbers and Social Security numbers of persons impaneled for that trial may be provided to counsel. Any district judge in a case where the interest of justice so requires, may order that the names be kept confidential.

S.    UNANTICIPATED SHORTAGE OF JURORS

When there is an unanticipated shortage of available petit or grand jurors, the Court may require the United States Marshal to summon a sufficient number of jurors selected at random from

10

the voter registration lists, or other lists specified in the Plan, in a manner ordered by the Court consistent with Sections 1861 and 1862 of the Act, as amended.

T.    OBLIGATION TO SERVE

When summoned to serve as a juror, every person shall be obliged to serve unless determined to be disqualified, exempt, excluded, or entitled to be excused. Failure to appear as directed may result in an order from the District Court to appear and show cause for failure to comply with the summons. Any person who fails to appear pursuant to such order or fails to show good cause for noncompliance with the summons may be fined not more than $100 or imprisoned not more than three days, or both. Any person who willfully misrepresents a material fact on a jury qualification form for the purpose of avoiding or securing service as a juror may be fined not more than $100 or imprisoned not more than three days or both. (28 U.S.C. § 1864(b)).

U.    TERM OF SERVICE

Petit jurors in the Southern, Northern and Eastern divisions shall serve for a one (1) month term of service, one appearance, or one (1) trial. The grand jurors shall serve for a term not in excess of twelve (12) months, unless otherwise extended by the Court. During these terms of service no person shall be required to serve or attend Court for prospective service as a petit juror for a total of more than thirty (30) days, except when necessary to complete service in a particular case; nor shall any person be required to serve upon more than one grand jury or to serve as both a grand and petit juror.

Grand and petit jurors shall initially be summoned in the manner provided in Section 1866(c) of Title 28 U.S.C. for service until the next general panel is drawn or until relieved by order of the Court. As needed thereafter, the Clerk shall, unless otherwise directed by the Court, notify jurors of the time, date, and place to report by mail, in person, by telephone, through the United States Marshal, or by whatever method is appropriate under the particular circumstances.

V.    DURATION OF PLAN AND EFFECTIVE DATE

This Plan shall remain in full force and effect until approval of one or more modifications by the reviewing panel of the 9th Circuit Court of Appeals. Modifications may be initiated by the Court and submitted to the reviewing panel or by such rules and regulations as may be adopted by the Judicial Conference of the United States.

This amended Plan shall become effective July 1, 2005, upon approval by the reviewing panel of the Judicial Council of the 9th Circuit Court of Appeals, or at such time thereafter as the panel shall direct.

DATED at Boise, Idaho this 17th day of May, 2005.

B. Lynn Winmill, Chief District Judge

11