BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
SYRENA C. HARGROVE, IDAHO STATE BAR NO. 6413
KATHERINE L. HORWITZ, OKLAHOMA STATE BAR NO. 30110
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE:  (208) 334-1211
FACSIMILE:  (208) 334-1413
E-MAIL:  syrena.hargrove@usdoj.gov; kate.horwitz@usdoj.gov

JEFFREY B. KAHAN, PENNSYLVANIA BAR NO. 93199
TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE, CAPITAL CASE SECTION
E-MAIL:  jeffrey.kahan@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSEPH EDWARD DUNCAN, III,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No.  2:17-CV-00091-EJL<br>             2:07-CR-00023-EJL<br><br>**GOVERNMENT'S SECOND SUPPLEMENTAL BRIEF ON COUNT 7 (Claim 9)** |

## INTRODUCTION

*United States v. Davis*, 139 S. Ct. 2319 (2019), eliminates one of the crimes charged in Count 7 of the indictment as a crime of violence under § 924(c). Kidnapping, which does not include violence as an element, can no longer be considered a crime of violence after *Davis*. As part of Count 7, however, Duncan also admitted to—and the jury independently

found that he had committed—kidnapping resulting in death, under 18 U.S.C. § 1201(a), and murder, under 18 U.S.C. § 1111, using a firearm. Both of those crimes support his conviction and sentence on Count 7 as well. This Court should deny the § 2255 motion.

## BACKGROUND

Count 7 reads as follows:

> **Using a Firearm During and in Relation to a Crime of Violence Resulting in Death 18 U.S.C. §§ 924(c)(1)(A)(ii), (c)(1)(B)(i) and (j)(1)**
>
> On or about May 16, 2005 and between July 2, 2005, in the District of Idaho, the defendant, JOSEPH EDWARD DUNCAN, III, did knowingly carry and use a firearm, to wit: a Browning Arms 12-gauge short-barreled shotgun, serial no. 751PR0681 . . . during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is the crimes alleged in Counts One and Two of this Indictment which are realleged and incorporated by reference herein, in violation of Title 18, United States Code, Section 924(c)(1), and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendant, with malice aforethought, did unlawfully kill D.G. by shooting him with the firearm willfully, deliberately, maliciously and with premeditation; all in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii), (c)(1)(B) and (j)(1).

(CR Dkt. 1 at 4-5). Thus, Count 7 charged Duncan with using a firearm in connection with Counts One and Two of the Indictment, which charged Duncan with kidnapping resulting in death and kidnapping, respectively. But Count 7 also asserted that Duncan killed D.G. "by shooting with the firearm willfully, maliciously, and with premeditation," which "killing is a murder." (*Id.*)

Duncan pleaded guilty to Count 7. He thus admitted that, through the course of his kidnapping, and of kidnapping resulting in death, and while he held his two child victims in the Lolo National Forest, he:

**GOVERNMENT'S SECOND SUPPLEMENTAL BRIEF ON COUNT 7 (CLAIM 9)—2**

>caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendant, with malice aforethought, did unlawfully kill D.G. by shooting him with the firearm willfully, deliberately, maliciously and with premeditation.

(*Id.*); (CR Dkt. 204 at 22, 24-25.)

After his plea, this Court empaneled a jury to determine whether Duncan should be sentenced to death or to life imprisonment pursuant to the Federal Death Penalty Act of 1994 ("FDPA"), 18 U.S.C. §§ 3591-99. *See United States v. Duncan*, Appeal No. 08-99031, ECF No. 86-1 at 9244. The jury unanimously recommended death. (CR Dkt. 598 at 1-2.) With respect to Count 7, the jury specifically found that Duncan "intentionally killed the Victim" and "committed the offense after substantial planning and premeditation to cause the death of the Victim, D.G." *See* (CR Dkt. 564 at 3, 6.)

Accordingly, Duncan admitted that, in the course of the kidnapping and kidnapping resulting in death, he committed premeditated murder using a firearm, and the jury separately found the same thing. Even if *Davis* precludes the categorization of kidnapping as a crime of violence, kidnapping resulting in death and murder remain crimes of violence. And each supports Count 7. Accordingly, this Court should deny Claim 9 of Duncan's § 2255 motion.

## ARGUMENT

I.  **No fundamental defect exists that would justify granting Duncan's claim on § 2255. Duncan committed kidnapping resulting in death and he committed murder, each of which remains a crime of violence, and each of which was included in the indictment, pleaded to, and proved.**

A § 2255 movant may obtain relief only by identifying a "fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974) (internal quotation marks omitted); *Marshall v. United States*, 576 F.2d 160, 162

**GOVERNMENT'S SECOND SUPPLEMENTAL BRIEF ON COUNT 7 (CLAIM 9)—3**

(9th Cir. 1978). Further, any error must have "had substantial and injurious effect or influence" in determining the outcome of the case. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (internal quotation marks omitted); *see United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) (holding *Brecht* harmless error standard applicable to § 2255 proceedings).

Even acknowledging that *Davis* renders kidnapping no longer a crime of violence under § 924(c), no fundamental defect in Count 7 results, and certainly no defect that "had substantial and injurious effect or influence" on the outcome of Duncan's case. Duncan admitted that he also committed the crime of kidnapping resulting in death and that he committed premeditated murder, and the jury independently so found. These two crimes remain crimes of violence, after *Davis*, under § 924(c)(3)(A). Thus, while *Davis* eliminated one of the crimes of violence included in Count 7, two remain: kidnapping resulting in death and murder.

### A. *Davis* rendered § 924(c)(3)(B) a nullity, but it has no effect on the definition of a crime of violence under the elements clause.

In *Davis*, the Supreme Court declared unconstitutionally vague § 924(c)(3)(B), one of two clauses that comprise the definition of a "crime of violence." *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019).[1] The Court explained that, analyzed under the categorical

---

[1] Section 924(c)(3) defines a "crime of violence" as a felony offense first through an elements clause and then a second clause, as follows:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). *Davis* solely involved the second clause.

**GOVERNMENT'S SECOND SUPPLEMENTAL BRIEF ON COUNT 7 (CLAIM 9)—4**

approach, that clause "provides no reliable way to determine which offenses qualify as crimes of violence." *Id.* at 2324. Accordingly, § 924(c)(3)(B) is now a "nullity." *See id.* at 2323. *Davis* had no effect, however, on the other clause that comprises the definition of a "crime of violence"—the elements clause. Thus, after *Davis*, a crime that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," still qualifies as a crime of violence. *See* 18 U.S.C. § 924(c)(3)(A).

Kidnapping—one of the crimes of violence charged in the indictment—does not require the use of force but presents "a substantial risk of force." *Delgado-Hernandez v. Holder*, 697 F.3d 1125, 1130 (9th Cir. 2012) (per curiam). Thus, it cannot qualify under the elements clause of § 924(c)(3)(A), but only under § 924(c)(3)(B), the clause that *Davis* rendered void. *Id.; United States v. Chandler*, 743 F.3d 648, 656 (9th Cir. 2014) (per curiam), *vacated and remanded in light of Johnson v. United States*, 135 S. Ct. 2551 (2015) *by* 619 F. App'x 641 (9th Cir. 2015). With the demise of § 924(c)(3)(B), then, kidnapping no longer satisfies the definition of a crime of violence.

**B.  Kidnapping resulting in death remains a crime of violence under the elements clause.**

The death-results provision of § 1201(a) triggers an enhanced penalty. *See* 18 U.S.C. § 1201(a). Thus, the death-results provision is an element of the aggravated offense of kidnapping resulting in death. *See Burrage v. United States*, 571 U.S. 204, 210 (2014) ("Because the 'death results'[penalty] enhancement [in 21 U.S.C. § 841(b)] increased the minimum and maximum sentences to which Burrage was exposed, it is an element that must be submitted to the jury and found beyond a reasonable doubt."); *United States v. Ruiz-Hernandez*, 890 F.3d 202, 210 (5th Cir.) *cert. denied*, 139 S. Ct. 278 (2018); *United States v. Lentz*, 524 F.3d 501, 512 (4th Cir. 2008). The kidnapping statute is therefore divisible into

**GOVERNMENT'S SECOND SUPPLEMENTAL BRIEF ON COUNT 7 (CLAIM 9)—5**

two offenses—kidnapping that does not result in death and kidnapping that does result in death—and Duncan was unquestionably charged with the latter as well as the former.  (CR Dkt. 1 at 1-2, 4-5).

Kidnapping resulting in death has as an element the use, attempted use, or threatened use of physical force against the person or property of another.  "Physical force" in this context means "force capable of causing physical pain or injury to another person," *Curtis Johnson v. United States*, 559 U.S. 133, 140 (2010) (interpreting analogous provision of the Armed Career Criminal Act).  This includes any "amount of force necessary to overcome a victim's resistance."  *Stokeling v. United States*, 139 S. Ct. 544, 555 (2019).  The force may be indirect or applied by someone other than the defendant, it may involve no actual bodily contact, and it need not be intentional.  *See United States v. Castleman*, 572 U.S. 157, 162-68 (2014) (recognizing that the definition of force includes indirect force); *Voisine v. United States*, 136 S. Ct. 2272, 2279 (2016) (holding that reckless conduct can constitute the use of physical force); *United States v. Calvillo-Palacios*, 860 F.3d 1285, 1291 (9th Cir. 2017); *United States v. Reyes-Contreras*, 910 F.3d 169, 182 (5th Cir. 2018) (en banc).  As the Ninth Circuit explained in *Calvillo-Palacios*, ". . . the Supreme Court reserved the question of whether bodily injury requires violent, physical force required by U.S.S.G. § 2L1.2, *Castleman*, 134 S. Ct. at 1413, our court has already addressed the issue—in the context of assault statutes, bodily injury entails the use of violent, physical force." *Calvillo-Palacios*, 860 F.3d at 1291 (collecting cases).  By the same reasoning, kidnapping resulting in death entails the use of violent, physical force.

To prove the offense of kidnapping resulting in death, the government will nearly always have to prove that the victim was subjected to "physical force" within the meaning

**GOVERNMENT'S SECOND SUPPLEMENTAL BRIEF ON COUNT 7 (CLAIM 9)—6**

of § 924(c)(3)(A). The requirement that "death result" from the kidnapping requires a causal connection between the kidnapping and the death. It would not, for example, suffice if the victim happened to die of natural causes during the kidnapping. *See Burrage*, 571 U.S. at 214 ("a phrase such as 'results from' imposes a requirement of but-for causation"). Establishing the required connection will, as in this case, virtually always require proof that force capable of causing physical pain or injury or of overcoming a victim's resistance was used during the commission of the offense—whether or not the force was direct or intentional. *Calvillo-Palacios*, 860 F.3d at 1290-92.

In addition, where—as here—kidnapping is charged as a capital offense, to return a verdict of death, the jury must find that the defendant:

- intentionally killed his victim,

- intentionally inflicted serious bodily injury that resulted in his victim's death,

- intentionally participated in an act contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person and the victim died as a result of the act, or

- intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act.

*See* 18 U.S.C. § 3591 (a)(2); (CR Dkt. 564 at 3-4). All of those statutory aggravating factors entail intentional conduct that caused a victim's death. *Capital* kidnapping resulting in death, therefore, categorically has as an element—imported from 18 U.S.C. § 3591(a)(2)— the actual use of physical force against the person or property of another. No defendant can

**GOVERNMENT'S SECOND SUPPLEMENTAL BRIEF ON COUNT 7 (CLAIM 9)—7**

possibly be found guilty of that offense absent a finding that he used force capable of causing physical pain or injury against another person.

The existence of possible hypothetical scenarios in which death might result from kidnapping without the use of "physical force" does not change the categorical analysis under § 924(c)(3)(A).  The Supreme Court has repeatedly cautioned against using "legal imagination" to treat an offense as categorically overbroad.  *See Moncrieffe v. Holder*, 569 U.S 184, 191 (2013) (internal quotation marks omitted).  There must be "a realistic possibility, not a theoretical possibility" that the statute could apply to conduct "that falls outside the generic definition of a crime."  *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007).  "To show that realistic probability, an offender, of course, may show that the statute was so applied in his own case.  But he must at least point to his own case or other cases."  *Id.*  The Government knows of no such case, and—as explained above—no such case *could* exist in the capital context, in which kidnapping resulting in death must always include an additional element of intentional violence.  Thus kidnapping resulting in death remains a crime of violence.  It therefore supports the denial of Claim 9 of Duncan's § 2255.

### C.  Murder also remains a crime of violence under the elements clause, and provides an independent and alternative ground supporting Count 7.

Even if the Court were to disagree that kidnapping resulting in death is a crime of violence under the elements clause, it should still deny Claim 9 of the § 2255.  A second and independent basis exists to support Count 7:  federal murder.  It was included in Count 7, and Duncan's plea to that count necessarily included his admission to it.  He also admitted to the fact that the murder occurred on federal land. (CR Dkt. 1 at 1-2, 4-5; CR Dkt. 204 at 22, 24-25).  Moreover, the jury independently found that Duncan had committed premeditated murder.  *See* (CR Dkt. 562 at 3, 6.)

**GOVERNMENT'S SECOND SUPPLEMENTAL BRIEF ON COUNT 7 (CLAIM 9)—8**

Federal murder, under 18 U.S.C. § 1111, requires the use of force and thus qualifies as a crime of violence under the elements clause. *See United States v. J.J.*, 704 F.3d 1219, 1222 (9th Cir. 2013) ("In this case, there is no question that . . . second-degree murder, if committed by an adult, would be a felony crime of violence."); *United States v. Begay*, 567 F.3d 540, 552 (9th Cir. 2009), *overruled on other grounds*, 673 F.3d 1038 (9th Cir. 2011) ("Both first- and second-degree murder constitute crimes of violence."); *see also In re Irby*, 858 F.3d 231, 234-36 (4th Cir. 2017); *Thompson v. United States*, 924 F.3d 1153, 1158-59 (11th Cir. 2019).[2]  The actual killing of another person involves violent force far above the level of force capable of causing physical pain or injury. *See Curtis Johnson*, 559 U.S. at 140 (2010) (holding that the phrase "physical force" in the ACCA's elements clause "means violent force—that is, force capable of causing physical pain or injury to another person"); *Stokeling*, 139 S. Ct. at 552-53 (reaffirming *Curtis Johnson*'s "capable" standard for the definition of physical force). Accordingly, *Davis* does not affect murder's status as a crime of violence.

---

[2] The federal murder statute defines murder as the "unlawful killing of a human being with malice aforethought." 18 U.S.C. § 1111. Section 1111(a) explains:

> Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery; or perpetrated as part of a pattern or practice of assault or torture against a child or children; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree.

18 U.S.C. § 1111(a); *see also United States v. Free*, 841 F.2d 321, 325 (9th Cir. 1988) (discussing elements of first-degree murder). "Any other murder is murder in the second degree." *Id.* § 1111(a).

**GOVERNMENT'S SECOND SUPPLEMENTAL BRIEF ON COUNT 7 (CLAIM 9)—9**

To be sure, Duncan was not charged in a separate count with federal murder under § 1111, as he was with kidnapping and kidnapping resulting in death. *See* (CR Dkt. 1 at 1-2, 4-5.) Murder under § 1111 could have been separately charged. *See United States v. Charley*, 396 F.3d 1074, 1076, 1079 (9th Cir. 2005) (noting that defendant was charged and convicted of three counts of first degree murder and three "for firearm use in the murders" under § 924(c) and (j), respectively); *United States v. Staggs*, 152 F.3d 931, *3 (9th Cir. 1998) (unpublished) (noting that defendant was given a sentence on (j)(1) "to run consecutive to the sentence for the predicate 'crime of violence,' which, in this case, was a violation of 18 U.S.C. § 1111"). No independent charge is necessary, however. It is enough that "the person *may* be prosecuted in a court of the United States" for a crime of violence during which a firearm was used. 18 U.S.C. § 924(c)(1)(A) (emphasis added). The Ninth Circuit has affirmed an aggravated count under § 924(c), for committing a crime of violence using a firearm, even where the jury acquitted on the separately-charged crime of violence itself. *See United States v. Bracy*, 67 F.3d 1421, 1430-31 (9th Cir. 1995). The same principles hold in the similarly-structured § 924(j) context.[3] Just as an offense under § 924(c)(1)(A), for use of a gun during a crime of violence, may be sustained if it has been proved (and even if a separate charge for the crime of violence failed), so too should an offense under § 924(j)(1) be sustained if it has been proved, even if the two separately-charged § 924(c) offenses fall

---

[3] The Ninth Circuit is among the majority of Circuits that have held that § 924(j) increases a defendant's sentence over and above any § 924(c) sentence. In other words, the Ninth Circuit has applied the language of § 924(c)(1)(A) to the later-added § 924(j). *See Staggs*, 152 F.3d 931 at *3; *Bran*, 776 F.3d at 281-82 (collecting cases); *but see United States v. Julian*, 633 F.3d 1250, 1253-54 (11th Cir. 2011) (holding that district court had discretion whether to impose consecutive or concurrent sentence on a § 924(j) offense). The Circuit has thus already recognized a close relationship between the two subsections and held that they are part of a coherent scheme to create longer sentences based on worse behavior.

**GOVERNMENT'S SECOND SUPPLEMENTAL BRIEF ON COUNT 7 (CLAIM 9)—10**

away. "[N]othing in the statute or legislative history suggests that [the defendant] must [have] be[en] charged with and convicted of the underlying offense," so long as that offense has been proved. *United States v. Hunter*, 887 F.2d 1001, 1003 (9th Cir. 1989) (per curiam).

Any argument that the same crime cannot serve as the underlying offense and the aggravator fails as well. Murder can serve as both. *See, e.g.*, *Staggs*, 152 F.3d 931 at *3 (noting that defendant was given a sentence on (j)(1) "to run consecutive to the sentence for the predicate 'crime of violence,' which, in this case, was a violation of 18 U.S.C. § 1111"). Indeed, § 924(c) anticipates such a scenario, specifying as it does that a defendant shall receive a consecutive sentence for the use of a firearm in furtherance of a crime of violence even when the crime of violence itself "provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device." 18 U.S.C. § 924(c)(1)(A). Congress intended to create a coherent scheme in which more serious facts were punished with longer sentences. *See Bran*, 776 F.3d at 282 ("'It takes no special insight or leap of logic to conclude that the central reason for Congress's choice of language in writing [§ 924(j) ]— 'during the course of a violation of [§ 924(c) ]'—was to ensure that separating out subsection (j) from subsection (c) did not deprive the law of a coherent sentencing scheme, the heart of which is the consecutive sentence mandate.'" (quoting *United States v. Berrios,* 676 F.3d 118, 141 (3d Cir. 2012)). Accordingly, murder provides an alternative ground on which to deny Claim 9 of Duncan's § 2255 motion.

## CONCLUSION

Duncan kidnapped D.G. and murdered him with a firearm. Two independent procedural means established this—his plea and the jury's findings. Duncan therefore remains guilty of not one but two crimes of violence under the elements clause: kidnapping

**GOVERNMENT'S SECOND SUPPLEMENTAL BRIEF ON COUNT 7 (CLAIM 9)—11**

resulting in death and murder.  Accordingly, he can point to no "fundamental defect which inherently results in a complete miscarriage of justice" from his conviction and sentence on Count 7.  Any error—even if present—would be harmless.

For the reasons previously discussed in the response brief and supplemental brief, (CV Dkt. 34 at 119-20), as well as the reasons discussed herein, Duncan's conviction and sentence under Count 7 remain valid.  This Court should deny Claim 9 of Duncan's § 2255 motion.

Respectfully submitted this 26th day of July, 2019.

        BART M. DAVIS
        United States Attorney
        District of Idaho
        By

        */s/ Syrena C. Hargrove*
        SYRENA C. HARGROVE
        Assistant United States Attorney

        */s/ Katherine L. Horwitz*
        KATHERINE L. HORWITZ
        Assistant United States Attorney

        */s/ Jeffrey B. Kahan*
        JEFFREY B. KAHAN
        Trial Attorney

**GOVERNMENT'S SECOND SUPPLEMENTAL BRIEF ON COUNT 7 (CLAIM 9)—**12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 26, 2019, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing and thereby a copy was served on the following parties or counsel:

| Party | Method |
|---|---|
| Lindsay Nicole Bennett<br>Office of the Federal Defender<br>801 I Street, 3rd Floor<br>Sacramento, CA 95814<br>lindsay_bennett@fd.org | ☐ United States Mail, postage prepaid<br>☐ Fax<br>☒ ECF filing<br>☐ E-mail |
| Kelly L. Culshaw<br>Federal Public Defender<br>801 I Street, 3rd Floor<br>Sacramento, CA 95814<br>Kelly_Culshaw@fd.org | ☐ United States Mail, postage prepaid<br>☐ Fax<br>☒ ECF filing<br>☐ E-mail |
| Samuel Richard Rubin<br>Federal Defender Services of Idaho<br>702 W. Idaho Street, Suite 1000<br>Boise, ID 83702<br>dick_rubin@fd.org | ☐ United States Mail, postage prepaid<br>☐ Fax<br>☒ ECF filing<br>☐ E-mail |

/s/ Syrena C. Hargrove
SYRENA C. HARGROVE
Assistant United States Attorney