BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
SYRENA C. HARGROVE, IDAHO STATE BAR NO. 6213
KATHERINE L. HORWITZ, OKLAHOMA STATE BAR NO. 30110
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE:  (208) 334-1211
FACSIMILE:  (208) 334-1413
E-MAIL:  syrena.hargrove@usdoj.gov; kate.horwitz@usdoj.gov

JEFFREY B. KAHAN, PENNSYLVANIA BAR NO. 93199
TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE, CAPITAL CASE SECTION
E-MAIL:  jeffrey.kahan@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSEPH EDWARD DUNCAN, III,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No.  2:17-CV-00091-EJL<br>          2:07-CR-00023-EJL<br><br><br>**GOVERNMENT'S REPLY, SECOND SUPPLEMENTAL BRIEFING ON COUNT 7 (Claim 9)** |

**INTRODUCTION**

Duncan was charged with, and admitted, the elements of premeditated murder using a firearm.  He specifically admitted that, "with malice aforethought, [he] did unlawfully kill D.G. by shooting him with the firearm willfully, deliberately, maliciously and with premeditation."  (CR Dkt. 1 at 4-5) and (CR Dkt. 204 at 22, 24-25.)  He also admitted the fact necessary to establish jurisdiction:  that the crimes had occurred on the Lolo National

Forest.  Thus, § 2255 relief on Count 7 should be denied as that count is supported, at minimum, by premeditated murder.

In addition, Duncan's capital sentence for kidnapping resulting in death included a specific finding by the jury that he intended to kill his victim.  Accordingly, even assuming the continuing validity of the Ninth Circuit's decision in *United States v. Begay*, No. 14-10080, 2019 WL 3884261 (Aug. 19, 2019), there is no *Begay* problem here.  In this case, the jury specifically found that Duncan intended, and effected, a kidnapping by violent force that resulted in D.G.'s death.  He accordingly accomplished the crime with a mens rea far higher than recklessness.  Thus, capital kidnapping resulting in death also supports Count 7.

### INTERVENING LAW

After Duncan filed his answering brief in this case, the Ninth Circuit held, in *Begay*, that second degree murder cannot satisfy the definition of a crime of violence because the element of "malice aforethought" can be satisfied by reckless conduct.  *Begay*, 2019 WL 3884261, at *5.[1]  The Court held that a crime of violence requires the intentional use of force.  *Id.*  The Ninth Circuit held similarly in *United States v. Orona*, 923 F.3d 1197, 1203 (9th Cir. 2019), that the Armed Career Criminal Act's definition of a "violent felony" did not include offenses that can be committed recklessly.  Other circuits have reached the contrary conclusion.  *See, e.g.*, *In re Irby*, 858 F.3d 231, 234-36 (4th Cir. 2017) and *Thompson v. United States*, 924 F.3d 1153, 1158-59 (11th Cir. 2019).  Thus, the issue is in contest.  The Government filed a petition for rehearing en banc in *Orona* last week.

---

[1]    *Begay* involved no argument regarding the divisibility of the statute.  *Id.* at 3.  Thus, if second degree murder is divisible into four separate offenses based on mental state, the other three mental states besides depraved heart would be crimes of violence.

**GOVERNMENT'S REPLY, SECOND SUPP. BRIEFING ON COUNT 7 (CLAIM 9)—2**